OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

MEADOWS WYE & CO., INC. *v.* UNITED STATES

**No. 7386.**—Invoices dated Walsall, England, October 1942, etc.
Certified October 1942, etc.
Entered at New York, N. Y., November 25, 1942, etc.
Entry Nos. 712708; 753871.

(Decided September 24, 1947)

*Jordan & Klingaman* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values less additions made by importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

SEARS ROEBUCK & CO. *v.* UNITED STATES

**No. 7387.**—Invoice dated Redditch, England, June 1945.
Certified June 1945.
Entered at New York, N. Y., July 10, 1945.
Entry No. 700725.

(Decided September 26, 1947)

*James W. Bevans* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values less additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

ABERCROMBIE & FITCH CO. *v.* UNITED STATES

No. 7388.—Invoice dated Walsall, England, May 24, 1946.
Certified June 3, 1946.
Entered at New York, N. Y., June 24, 1946.
Entry No. 770822.

(Decided September 26, 1947)

*Lane, Young & Fox* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values less additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

GLORIA GLOVE CO., INC. *v.* UNITED STATES

No. 7389.—Invoice dated Stoke under Ham, Somerset, England, May 5, 1942.
Certified May 16, 1942.
Entered at New York, N. Y., June 30, 1942.
Entry No. 19624.

(Decided September 26, 1947)

Plaintiff not represented by counsel.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.